**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARLYLE LESLIE OWEN DALE,**

    **Plaintiff,**

-vs-                                                                                     Case No. 6:11-cv-1957-Orl-31GJK

**UNITED STATES OF AMERICA,**

    **Defendant.**

## ORDER

This cause comes before the Court on a Motion for Change of Venue (Doc. 14) filed by Defendant, United States of America; and Plaintiff's response (Doc. 17).

**I. Background**

Plaintiff is a resident of the Middle District of Florida. Between September 2008 and July 2010, he was detained by Immigration and Customs Enforcement ("ICE") pending deportation proceedings; during the entire period of Plaintiff's incarceration, he was housed in facilities located in western Louisiana. After his release in 2010, Plaintiff filed the instant action pursuant to the Federal Tort Claims act, ("FTCA"), 28 U.S.C. § 2671, *et. seq.*, for allegedly negligent medical treatment he received while in custody. The United States now moves to transfer this case to the District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) because all of the operative facts occurred in that district.

**II. Standard**

Any civil action may be transferred to another district where it might have been brought "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In making this determination, a court should , "the plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (citation omitted). Accordingly, the burden is on the movant to establish that its suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570 (11th Cir. 1989). The factors a court should consider in determine whether to transfer a case pursuant to 28 U.S.C. § 1404 include: (1) the convenience of the parties; (2) the convenience of witnesses; and (3) the interests of justice. 28 U.S.C. § 1404(a).

**III. Discussion**

The United States bases its motion primarily on the second factor. In support it lists thirty-two individuals who it claims are "key witnesses" in the instant case–eighteen of which are "non-government practitioners." However, as Plaintiff points out, "it is not so much the convenience of the witnesses but the possibility of having their testimony at the trial that is important." *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1361 (S.D. Fla. 2001). Indeed, the Court will not simply "tally the number of witnesses" in each prospective forum to determine which is more convenient. (Doc. 17 at 6).

The majority of "key witnesses" proposed by the United State are government employees and can, as such, be compelled to testify at trial. As for the non-government employees, the United States has not demonstrated that (1) they would be unwilling to testify, or (2) that their testimony will be significant in any way. It is hard to conceive of a scenario where thirty-two different witnesses are

needed to establish the relevant evidence in a case such as this. Their testimony would likely be cumulative–and thus, unnecessary.

"Convenience of the parties" is another factor to consider in determining whether to transfer a case under section 1404(a). The United States emphasizes the financial burden of transporting witnesses from Louisiana to Florida. While this may be true, there are also witnesses located in Florida that would have to be transported to Louisiana if this case were transferred. Taking into account the respective financial ability of the parties, and the Plaintiff's ongoing health problems (which "require constant monitoring and frequent treatment"), this factor that cuts in favor of Plaintiff's chosen forum. (Doc. 17 at 9).

The Court also finds that the interests of justice require denial of the instant motion. As Plaintiff points out, he has no *voluntary* connection with the Western District of Louisiana. Voluntariness is not normally a factor considered in such circumstances; but where, as here, the United States has virtually unfettered discretion to house the Plaintiff in a facility of its choosing, it would be inequitable to then force Plaintiff to litigate there as well. Moreover, Congress expressly provided that a plaintiff under the FTCA may sue in the judicial district where the plaintiff resides. 28 U.S.C. § 1402(b). The obvious purpose behind such a broad venue statute is to "protect the plaintiff from abuse by the United States forcing the plaintiff to litigate the controversy in an inconvenient forum." *Jones v. United States*, 407 F. Supp. 873, 876 (N.D. Tex. 1976).

Therefore, although the Court recognizes that transfer might be appropriate under slightly different circumstances (or between different parties), obvious inequity would result if this case were transferred as the United States requests.

Accordingly, it is **ORDERED** that the Motion (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 5, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE